# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRIAN L. HARDRICK,**

    **Petitioner,**

    v.                                       **CASE NO.  20-3109-JWL**

**DONALD HUDSON, Warden,**
**USP-Leavenworth,**

    **Respondent.**

## ORDER OF DISMISSAL

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  Petitioner commenced this action on April 13, 2020.  On the same date, the clerk of the court issued a notice of deficiency advising Petitioner that he must submit his petition on court-approved forms and must pay the statutory filing fee of $5.00 by May 13, 2020.  The notice warned Petitioner that if he failed to comply within the time allowed, this matter might be dismissed without prejudice and without further notice.  There has been no response.

Under Rule 41(b) of the Federal Rules of Civil Procedure, when a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the matter.  *See* Fed. R. Civ. P. 41(b).  The U.S. Court of Appeals for the Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted).  Where a matter is dismissed without prejudice, no "particular procedure[ ]" is required.  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).

2

Because Petitioner has failed to respond to the notice of deficiency, the Court concludes this matter may be dismissed without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

D**ated this 20th day of May, 2020, at Kansas City, Kansas.**

      **s/ John W. Lungstrum**
      **JOHN W. LUNGSTRUM**
      **UNITED STATES DISTRICT JUDGE**